### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01556-MSK-PAC

GRAPHIC PACKAGING INTERNATIONAL, INC.

    Plaintiff,

v.

LITTLER MENDELSON, P.C., FRANKLIN A. NACHMAN, and
KAREN E. FORD, a/k/a KAREN ERICKSON-FORD,

    Defendants.

### PROTECTIVE ORDER

Order entered by Patricia A. Coan, Magistrate Judge

    This matter comes before the Court on Defendant Karen E. Ford's Motion for Protective Order [#38]. The Court has considered the motion as well as Plaintiff's Opposition to Defendant's Motion for Protective Order [#40], the Reply in Support of Motion for Protective Order [#46], and the supplemental argument presented by the parties at the hearing held on February 15, 2006. In addition, the Court conducted its own *in camera* review of documents Bates labeled KEF0001 to KEF0073, which are the subject of the motion.

    On February 15, 2006, Karen E. Ford's Motion for Protective Order, Doc. #38 was granted in part and denied in part, and counsel were ordered to memorialize that order and submit it to the court. See Docs. ##48 and 49. Accordingly, the court having reviewed the proposed order, adopts and makes an order of the court the following protective order.

    The Court first finds that documents KEF0005 to KEF0008, KEF0010 to 0054, and KEF0071 to KEF0073 are not within the scope of discovery and that good cause exists for the

entry of a protective order prohibiting their discovery.  Accordingly, the Court orders that Plaintiff may not discover documents KEF0005 to KEF0008, KEF0010 to 0054, and KEF0071 to KEF0073.

The Court further finds that documents KEF0001 to KEF0004, KEF0009, and KEF0055 to KEF0070 are conditionally discoverable with the exception of certain redacted information. Copies of documents KEF0001 to KEF0004, KEF0009, and KEF0055 to KEF0070, with court-approved additional redactions, were produced to Plaintiff's counsel, K. Preston Oade at the conclusion of the February 15, 2006 hearing.  For the reasons stated at the hearing, the Court finds that good cause exists for entry of a protective order limiting the distribution and use of the produced documents.   Accordingly, the Court orders that documents KEF0001 to KEF0004, KEF0009, and KEF0055 to KEF0070 are subject to the following provisions:

(a) The documents shall not be used for any purpose other than the preparation for trial and trial of this action, and for any appeals of part or all of this action;

(b) The documents may be viewed only by the attorneys who have entered their appearances in this case and by Mr. Oade's paralegal, Patricia Torok-Glover.  The attorneys and Ms. Torok-Glover shall not disclose the documents or information contained therein to any other individuals, including other attorneys or staff at their respective firms;

(c) Mr. Oade may question Karen Ford about the documents during her deposition. Within 30 days after receiving a copy of Ms. Ford's deposition transcript, Ms. Ford's counsel may provide written notice to Plaintiff's counsel designating any portion of the

transcript that concerns the documents or their subject matter as subject to provisions (a), (b), and (d) through (f) of this Order.  Any portions of Ms. Ford's deposition transcript so designated shall be treated as subject to provisions (a), (b), and (d) through (f) unless and until this Court orders otherwise.

(d)     Copies of the documents, portions of Ms. Ford's deposition transcript designated under subsection (c) above, and information contained therein shall not be filed with the Court except under seal and filed in accordance with D.C.COLO.LCivR 7.3.

(e)     Issues regarding the use at trial of the documents or portions of Ms. Ford's deposition transcript designated under subsection (c) above will be decided by the Court.

(f)     Within 45 days after final determination of this action, including all appeals, Plaintiff's counsel shall destroy all copies of the documents, any portions of Ms. Ford's deposition transcript designated under subsection (c) above, and any summaries or abstracts of such materials.  Plaintiff's counsel shall provide counsel for Ms. Ford written certification that he has complied with the terms of this subsection (f).

Dated this 22nd day of March, 2006.

                                              BY THE COURT
                                              s/Patricia A. Coan
                                              Patricia A. Coan
                                              United States Magistrate Judge

APPROVED AS TO FORM:

s/ Ross W. Pulkrabek
Elizabeth A. Starrs
Ross W. Pulkrabek
Starrs Mihm & Caschette LLP
1675 Broadway, Suite 1800
Denver, Colorado 80202
*Attorneys for Defendants Littler Mendelson, P.C., Franklin E. Nachman and Karen E. Ford*

s/ K. Preston Oade
K. Preston Oade
Holme Roberts & Owen LLP
1700 Lincoln Street, Suite 4100
Denver, Colorado 80203

*Attorney for Plaintiff Graphic Packaging International*